IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:09-cv-00157-LED |
| TURNPIKE GLOBAL TECHNOLOGIES | § | |
| L.L.C., CADEC GLOBAL, INC., XATA | § | |
| CORPORATION, GENERAL ELECTRIC CO., | § | **JURY TRIAL DEMANDED** |
| TRIMBLE NAVIGATION LTD. and | § | |
| NETWORKFLEET, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT TURNPIKE GLOBAL TECHNOLOGIES L.L.C'S ORIGINAL ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Turnpike Global Technologies L.L.C. ("TGT") files its Original Answer to Innovative Global Systems LLC's ("IGS") Original Complaint ("Complaint") and further asserts the following by way of Counterclaims:

### I.

### THE PARTIES

1-2.     TGT admits the allegations set forth in paragraphs 1 and 2 of IGS's Complaint.

3-7.     TGT has insufficient information to form a belief as to the truth or accuracy of the allegations set forth in paragraphs 3-7 of IGS's Complaint and therefore denies those allegations.

### II.

### JURISDICTION AND VENUE

8.     TGT admits this purports to be an action for infringement of United States patents and that this Court has exclusive jurisdiction over such actions under Title 28 U.S.C. § 1338(a) as set forth in paragraph 8 of IGS's Complaint.

9.      TGT has insufficient information to form a belief as to the truth or accuracy of the allegations set forth in paragraph 9 of IGS's Complaint and therefore denies those allegations.  Answering further, TGT states that if the present jurisdiction is a proper venue for this action at all, a more proper venue for this action would be the United States District Court for the Western District of New York.

## III.

## PATENTS-IN-SUIT

10.      As set forth in paragraph 10 of the Complaint, TGT admits that the '554 patent is entitled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal" and that a copy of the patent was attached to the Complaint as Exhibit A.  All other allegations set forth in paragraph 10 of IGS's Complaint not specifically admitted are denied.

11.      As set forth in paragraph 11 of the Complaint, TGT admits that the '203 patent is entitled "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal" and that a copy of the patent was attached to the Complaint as Exhibit B.  All other allegations set forth in paragraph 11 of IGS's Complaint not specifically admitted are denied.

12.      As set forth in paragraph 12 of the Complaint, TGT admits that the '352 patent is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and that a copy of the patent was attached to the Complaint as Exhibit C.  All other allegations set forth in paragraph 12 of IGS's Complaint not specifically admitted are denied.

13.      As set forth in paragraph 13 of the Complaint, TGT admits that the '800 patent is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and that a copy of the patent was

attached to the Complaint as Exhibit D.  All other allegations set forth in paragraph 13 of IGS's Complaint not specifically admitted are denied.

14.      As set forth in paragraph 14 of the Complaint, TGT admits that the '993 patent is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and that a copy of the patent was attached to the Complaint as Exhibit E.  All other allegations set forth in paragraph 14 of IGS's Complaint not specifically admitted are denied.

15.      TGT admits the allegations set forth in paragraph 15 of IGS's Complaint.

16.      TGT states that the Patents-in-Suit speak for themselves and therefore denies the allegations set forth in paragraph 16 of IGS's Complaint.

## IV.

## PATENT INFRINGEMENT

17.      TGT has insufficient information to form a belief as to the truth or accuracy of the allegations set forth in paragraph 17 of IGS's Complaint and therefore denies those allegations.

18-19.   TGT denies the allegations set forth in paragraphs 18-19 of IGS's Complaint.

20-24.   TGT has insufficient information to form a belief as to the truth or accuracy of the allegations set forth in paragraphs 20-24 of IGS's Complaint and therefore denies those allegations.

25.      TGT has insufficient information to form a belief as to the truth or accuracy of the allegations set forth in paragraph 25 of IGS's Complaint and therefore denies those allegations.

26.      TGT denies the allegations set forth in paragraph 26 of IGS's Complaint.

## V.

## JURY DEMAND

27.      TGT admits that IGS has requested a jury in this action.

# VI.

## PRAYER FOR RELIEF

28.     TGT denies that IGS is entitled to the relief it seeks or any relief at all for the allegations made in its Complaint.

# VII.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to IGS's Complaint, TGT alleges as follows:

29.     TGT has not infringed and currently does not infringe the '554, '203, '352, '800 or '933 patents (collectively "the Patents-in-Suit") directly, indirectly, contributorily, by inducement, under the doctrine of equivalents or in any other manner.

30.     The claims of the Patents-in-Suit are or may be invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

31.     The relief sought by IGS is or may be barred, in whole or in part, under the doctrine of equitable estoppel.

32.     The relief sought by IGS is or may be barred by the doctrine of prosecution history estoppel.

33.     The relief sought by IGS is or may be barred as all embodiments not literally claimed in the Patents-in-Suit were dedicated to the public.

34.     IGS's Complaint fails to state a claim upon which relief can be granted.

35.     IGS's pre-lawsuit claims for damages are or may be barred under the doctrine of laches.

36.     The claims of the Patents-in-Suit are or may be unenforceable due to IGS's unclean hands.

## VIII.

### COUNTERCLAIMS

For its counterclaims against IGS, TGT alleges as follows:

37.     The counterclaims below arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

## IX.

### THE PARTIES

38.     TGT is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business located in Buffalo, New York.

39.     IGS is a limited liability company organized and existing under the laws of the state of South Carolina, with its principal place of business in Rock Hill, South Carolina.

## X.

### JURISDICTION AND VENUE

40.     The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

41.     The Court has personal jurisdiction over IGS by virtue, among other things, of its filing of complaints in this Court.

42.     Venue may be proper, though not necessarily most proper, in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## XI.

### BASIS FOR CLAIM

43.     By virtue of the allegations of IGS's Complaint in this action and TGT's Answer thereto, an actual controversy exists between the parties as to whether the Patents-in-Suit are valid, enforceable and/or infringed.

## XII.

## FIRST COUNT

(Declaration of Noninfringement of Patents-in-Suit)

44.     TGT hereby incorporates paragraphs 1-7 of its counterclaims as though fully set forth herein.

45.     IGS claims to be the exclusive licensee and owner of all substantial rights and interest in and to the Patents-in-Suit.

46.     IGS alleges infringement of the Patents-in-Suit by TGT.

47.     TGT's accused products and services are not infringing and have not infringed any valid or enforceable claim of the Patents-in-Suit.

48.     IGS is entitled to no relief for any claim in its Complaint.

49.     TGT is entitled to a declaration of noninfringement of the Patents-in-Suit.

## XIII.

## SECOND COUNT

(Declaration of Invalidity of the Patents-in-Suit)

50.     TGT hereby incorporates paragraphs 1-13 of its counterclaims as though fully set forth herein.

51.     IGS contends the Patents-in-Suit are valid.

52.     Each and every allegedly infringed claim of the Patents-in-Suit are invalid for failure to satisfy one or more conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

53.     TGT is entitled to a declaration of invalidity of the Patents-in-Suit.

## XIV.

## DEMAND FOR JURY TRIAL

54.     TGT respectfully demands a jury trial on all issues so triable.

## XV.

## DESIGNATION OF LEAD ATTORNEY

55.     Defendant TGT provides its Notice of Designation of Lead Attorney pursuant to LRCV-

11.  Lead attorney for TGT is as follows:

> JOHN D. FRASER
> SHIELDS, BRITTON & FRASER, P.C.
> State Bar No. 07393550
> 5401 Village Creek Drive
> Plano, Texas  75093
> Phone:  469-726-3070
> Fax:  972-788-4332
> e-mail: jfraser@sbflegal.com

## XVI.

## PRAYER FOR RELIEF

**WHEREFORE, TGT** prays for judgment with respect to IGS's Complaint and TGT's affirmative

defenses and counterclaims as follows:

A.      Judgment be entered against IGS and in favor of TGT on each of the claims set forth in IGS's Complaint and that each such claim be dismissed with prejudice;

B.      The Court find and declare that the Patents-in-Suit are not infringed by TGT or any customers using TGT's products or services;

C.      The Court find and declare that each of the claims of the allegedly infringed Patents-in-Suit are invalid;

D.      Judgment be entered in favor of TGT and against IGS on each of the counterclaims;

E.      The Court find that this is an exceptional case and award TGT its costs and attorney's fees pursuant to 35 U.S.C. § 285 or otherwise;

F.      The Court award to TGT prejudgment and post judgment interest on any damages awarded at the highest lawful rate per annum; and

G.      The Court grant TGT such other and further relief at law or in equity as the Court shall

deem just and proper.

Respectfully submitted.

**SHIELDS, BRITTON & FRASER**
A Professional Corporation

By:  _____/s/_____
John D. Fraser
State Bar No. 07393550
5401 Village Creek Drive
Plano, Texas  75093
Phone:  972-788-2040 ext 3070
Fax:  972-788-4332
e-mail:  jfraser@sbflegal.com

**SHERIDAN ROSS P.C.**
Robert R. Brunelli
State Bar No. 20070
1560 Broadway, Suite1200
Denver, CO 80202
Phone:  303-863-9700
Facsimile: 303-863-0223
e-mail:  rbrunelli@sheridanross.com

**ADMISSION PRO HAC VICE**

**ATTORNEYS FOR DEFENDANT
TURNPIKE GLOBAL TECHNOLOGIES L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of May, 2009 a copy of the foregoing was

served **VIA ECF** upon all counsel of record.

_____/s/_____
John D. Fraser

**DEFENDANT TURNPIKE GLOBAL TECHNOLOGIES
L.L.C.'S ORIGINAL ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S ORIGINAL COMPLAINT**                    **Page 8**