IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| INNOVATIVE GLOBAL SYSTEMS, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| TURNPIKE GLOBAL TECHNOLOGIES L.L.C., CADEC GLOBAL, INC., XATA CORPORATION, GENERAL ELECTRIC CO., and NETWORKFLEET, INC., | § § § § § | Case No.  6:09-CV-00157-LED |
| Defendants. | § § | Jury Trial Demanded |
| CADEC GLOBAL, INC., | § § | |
| Counterclaim Plaintiff, | § § | |
| v. | § § | |
| INNOVATIVE GLOBAL SYSTEMS, LLC, | § § | |
| Counterclaim Defendant. | § § | |

**CADEC GLOBAL, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO THE COMPLAINT AND
COUNTERCLAIMS THERETO**

Pursuant to Rules 7, 8, 12 and 13 of the Federal Rules of Civil Procedure, Defendant Cadec Global, Inc. ("Cadec") answers the allegations contained in the numbered paragraphs of the Original Complaint ("Complaint") of plaintiff Innovative Global Systems, LLC ("IGS") and further asserts by way of counterclaims as follows.

**I.**

**PARTIES**

1.       Cadec is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the Complaint and on that basis denies the allegations.

2.      Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and on that basis denies the allegations.

3.      Cadec admits the allegations contained in paragraph 3 of the Complaint.

4.      Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and on that basis denies the allegations.

5.      Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and on that basis denies the allegations.

6.      Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and on that basis denies the allegations.

7.      Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and on that basis denies the allegations.

## II.

### JURISDICTION AND VENUE

8.      Cadec admits that the complaint purports to be an action for patent infringement and that this court has subject matter jurisdiction over claims for patent infringement under 28 U.S.C. § 1338(a).

9.     Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and on that basis denies the allegations.  However, the interests of justice and the convenience of the parties and witnesses would be better served by transferring this case to the District of New Hampshire where Cadec's principal place of business is situated, or alternatively, at a minimum, to the Western District of New York.

### III.

### PATENTS-IN-SUIT

10.     Cadec admits that the '554 Patent is entitled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal" and that a copy of the patent was attached to the Complaint as Exhibit A.  Cadec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and on that basis denies the allegations.

11.     Cadec admits that the '203 Patent is entitled "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal" and that a copy of the patent was attached to the Complaint as Exhibit B.  Cadec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and on that basis denies the allegations.

12.     Cadec admits that the '352 Patent is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and that a copy of the patent was attached to the Complaint as Exhibit C.  Cadec is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and on that basis denies the allegations.

13.     Cadec admits that the '800 Patent is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and that a copy of the patent was attached to the Complaint as Exhibit D.  Cadec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint and on that basis denies the allegations.

14.     Cadec admits that the '993 Patent is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and that a copy of the patent was attached to the Complaint as Exhibit E.  Cadec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and on that basis denies the allegations.

15.     Cadec admits the allegations of paragraph 15 of the Complaint.

16.     The Patents-in-Suit speak for themselves, and therefore Cadec denies the allegations in paragraph 16 of the Complaint.

### IV.

### PATENT INFRINGEMENT

17.     Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and on that basis denies the

allegations.

18.     Cadec denies the allegations contained in paragraph 18 of the Complaint.

19.     Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and on that basis denies the allegations.

20.     Cadec denies the allegations contained in paragraph 20 of the Complaint.

21.     Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and on that basis denies the allegations.

22.     Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and on that basis denies the allegations.

23.     Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and on that basis denies the allegations.

24.     Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and on that basis denies the allegations.

25.     Cadec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and on that basis denies the allegations.

26.     Cadec denies the allegations contained in paragraph 26 of the Complaint.

## V.

## JURY DEMAND

27.     Cadec admits that IGS has requested a jury in this action.

## VI.

## PRAYER FOR RELIEF

28.     Cadec denies that IGS is entitled to the relief it seeks or any relief for the

allegations made in the Complaint.

Unless specifically admitted above, Cadec denies all allegations contained in the

Complaint.

## VII.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

29.     IGS is not entitled to any relief against Cadec because Cadec is not infringing and

has not infringed any valid claim of the Patents-in-Suit literally or under the Doctrine of

Equivalents.

## SECOND AFFIRMATIVE DEFENSE
## (INVALIDITY)

30.     The claims of the Patents-in-Suit are invalid for failing to meet one or more of the

requisite Conditions for Patentability specified in 35 U.S.C. §§ 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
## (LACHES)

31.     The relief sought by IGS may be barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (EQUITABLE ESTOPPEL)

32.     The relief sought by IGS may be barred by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

33.     The relief sought by IGS may be barred by the doctrine of prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

34.     The relief sought by IGS may be unenforceable due to IGS's unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

35.     The Complaint fails to State a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE
### (PRIOR NOTICE)

36.     IGS's claims for damages prior to actual notice received by Cadec are barred by 35 U.S.C. § 287.

Cadec reserves the right to assert any other defenses or other bases of invalidity that discovery may reveal.

## VIII.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

In addition to its affirmative defenses, Cadec further asserts the following counterclaims against IGS.

## PARTIES

37.     Cadec Global, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 645 Harvey Road, Manchester,

New Hampshire 03101.

38.     On information and belief, Innovative Global Systems L.L.C., is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

## JURISDICTION AND VENUE

39.     These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

40.     By its Complaint, IGS has alleged that it is the owner of all rights, title and interest in and to the '554 patent, '203 patent, '352 patent, '800 patent, and '993 patent. IGS has alleged that Cadec has infringed and continues to infringe the '554 patent, '203 patent, '352 patent, '800 patent, and '993 patent. IGS has also alleged that Cadec has committed acts of indirect infringement by contributorily infringing and/or inducing others to infringe the '554 patent, '203 patent, '352 patent, '800 patent, and '993 patent.

41.     By filing this Complaint and alleging infringement on the part of Cadec, IGS has created a reasonable apprehension on the part of Cadec that IGS will maintain this lawsuit against Cadec or will initiate additional lawsuits against Cadec for infringement of the '554 patent, '203 patent, '352 patent, '800 patent, and '993 patent, and such apprehension will persist even if IGS were subsequently to dismiss this lawsuit. For these reasons, an actual controversy within this Court's jurisdiction exists under 28 U.S.C. § 2201.

42.     As set forth in the Complaint and in the Answer to which this Counterclaim is appended, a justiciable controversy has arisen and exists between Cadec and IGS concerning the validity and scope of the '554 patent, '203 patent, '352 patent, '800 patent, and '993 patent and

Cadec's liability for any alleged infringement of the '554 patent, '203 patent, '352 patent, '800 patent, and '993 patent.

43.     IGS has voluntarily submitted to the jurisdiction of the United States District Court for the Eastern District of Texas as a result of initiating the present action within this Court.  IGS is subject to personal jurisdiction in this judicial district for the purposes of Cadec's counterclaims.

44.     Without prejudice to Cadec's answer to paragraph 9 of the Complaint, venue is proper in the United States District Court for the Eastern District of Texas as to IGS by virtue of IGS having filed its Original Complaint in this judicial district.

## FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

45.     Cadec incorporates by reference its allegations in paragraphs 37-44 above.

46.     IGS asserts in this action that Cadec is infringing the Patents-in-Suit.  Cadec's activities do not and have not constituted infringement, either directly, contributorily, or by inducement of any valid and enforceable asserted claim of the '554 patent, '203 patent, '352 patent, '800 patent, and '993 patent, either literally or under the doctrine of equivalents.

47.     Accordingly, Cadec is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Cadec has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of any of the patents asserted against it.

## SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY)

48.     Cadec incorporates by reference its allegations in paragraphs 37-47 above.

49.     IGS asserts in this action that the '554 patent, '203 patent, '352 patent, '800 patent, and '993 patent are valid.  Cadec denies these allegations and contends that one or more

claims of each of the '554 patent, '203 patent, '352 patent, '800 patent, and '993 patent are invalid, under 35 U.S.C. §§ 102, 103, and 112.

50.     Cadec has been making, using and selling its same technology since at least 1995, which predates any enforceable priority date of any of the Patents-in-Suit by more than one year.

51.     Accordingly, Cadec is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that one or more claims of each of the '554 patent, '203 patent, '352 patent, '800 patent, and '993 patent are invalid.

## IX.

## PRAYER FOR RELIEF

Wherefore, Cadec requests that this Court enter a judgment in its favor and against IGS as follows:

1.  Dismissal of IGS's claims for patent infringement with prejudice;

2.  Judgment against IGS declaring the Patents-in-Suit not infringed by Cadec;

3.  Judgment against IGS declaring the Patents-in-Suit invalid;

4.  Judgment against IGS declaring the Patents-in-Suit unenforceable;

5.  A declaration that Cadec's defenses and counterclaims present an exceptional case entitling it to, and therefore awarding, its reasonable attorney's fees and costs under 35 U.S.C. § 285;

6.  Judgment be entered for Cadec's costs of suit incurred herein; and

7.  Award to Cadec such other relief as the Court deems just and reasonable.

Dated: June 17, 2009                    Respectfully submitted,


                                        _____/s/  Paul R. Morico
                                        Paul R. Morico
                                        Texas Bar No. 00792053
                                        paul.morico@bakerbotts.com
                                        BAKER BOTTS L.L.P.
                                        One Shell Plaza
                                        910 Louisiana Street
                                        Houston, TX  77002
                                        Telephone:  (713) 229-1732
                                        Facsimile:  (713) 229-7732

                                        Peter A. Nieves (admitted pro hac vice)
                                        pnieves@sheenan.com
                                        Robert R. Lucic (admitted pro hac vice)
                                        rlucic@sheenan.com
                                        Edward A. Haffer (admitted pro hac vice)
                                        ehaffer@sheenan.com
                                        SHEEHAN PHINNEY BASS & GREEN, P.A.
                                        1000 Elm Street
                                        Manchester, NH  03105
                                        Telephone:  (603) 668-0300
                                        Facsimile: (603) 641-2352

                                        **ATTORNEYS FOR CADEC GLOBAL, INC.**

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Cadec Global, Inc., respectfully requests a jury trial on all issues so triable, including without limitation, IGS's claims and Cadec's affirmative defenses and counterclaims.

Dated: June 17, 2009                              Respectfully submitted,

       /s/  Paul R. Morico
Paul R. Morico
Texas Bar No. 00792053
paul.morico@bakerbotts.com
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002
Telephone:  (713) 229-1732
Facsimile:  (713) 229-7732

Peter A. Nieves (admitted pro hac vice)
pnieves@sheenan.com
Robert R. Lucic (admitted pro hac vice)
rlucic@sheenan.com
Edward A. Haffer (admitted pro hac vice)
ehaffer@sheenan.com
SHEEHAN PHINNEY BASS & GREEN, P.A.
1000 Elm Street
Manchester, NH  03105
Telephone:  (603) 668-0300
Facsimile: (603) 641-2352

**ATTORNEYS FOR CADEC GLOBAL, INC.**

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of CADEC GLOBAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT AND COUNTERCLAIMS THERETO via the Court's CM/EMF system per Local Rule CV-5(a)(3) on the 17th day of June, 2009.  Any other counsel of record will be served via First Class Mail.

/s/ Paul Morico
Paul Morico