IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| TURNPIKE GLOBAL TECHNOLOGIES L.L.C., CADEC GLOBAL, INC., XATA CORPORATION, GENERAL ELECTRIC CO., and NETWORKFLEET, INC., | § § § § § § | Civil Action No. 6:09-cv-00157-LED |
| Defendants. _____ | § § § | JURY TRIAL DEMANDED |
| XATA CORPORATION, | § § | |
| Counterclaim Plaintiff, | § § | |
| v. | § § | |
| INNOVATIVE GLOBAL SYSTEMS LLC, | § § § | |
| Counterclaim Defendant. | § | |

DEFENDANT XATA CORPORATION'S ANSWER AND
COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant XATA Corporation ("XATA") hereby answers the Original Complaint of Innovative Global Systems LLC ("IGS") and further asserts by way of Counterclaims:

I. ANSWER

1. XATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the allegations in Paragraph 1.

2. XATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the allegations in Paragraph 2.

3. XATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the allegations in Paragraph 3.

4. In response to Paragraph 4, XATA admits that it is a corporation organized and existing under the laws of the State of Minnesota and that its principal place of business is located in Eden Prairie, Minnesota. XATA further denies that it maintains a regular place of business in Texas but admits that process and service of process were sufficient with respect to the Original Complaint. XATA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore denies them.

5. XATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the allegations in Paragraph 5.

6. XATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the allegations in Paragraph 6.

7. XATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the allegations in Paragraph 7.

8. In response to Paragraph 8, XATA states that the Original Complaint purports to be an action for infringement of United States patents and that this Court has subject matter jurisdiction over such actions pursuant to 28 U.S.C. § 1338(a).

9. Paragraph 9 contains allegations directed toward defendants other than XATA, to which no response is required. To the extent a response is required to such allegations, XATA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. As for any allegations directed toward XATA, XATA does not dispute that this Court has personal jurisdiction over XATA or that venue is proper in this Court. XATA lacks sufficient information to respond to the vague allegation that this district is a "fair and

reasonable" venue, and accordingly denies that allegation. XATA further denies the remaining allegations of Paragraph 9.

10. XATA admits that the '554 patent is entitled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal" and that a document purporting to be a copy of the '554 patent was attached to the Original Complaint as Exhibit A. XATA specifically denies that the '554 patent is valid and further denies the remaining allegations of Paragraph 10.

11. XATA admits that the '203 patent is entitled "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal" and that a document purporting to be a copy of the '203 patent was attached to the Original Complaint as Exhibit B. XATA specifically denies that the '203 patent is valid and further denies the remaining allegations of Paragraph 11.

12. XATA admits that the '352 patent is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and that a document purporting to be a copy of the '352 patent was attached to the Original Complaint as Exhibit C. XATA specifically denies that the '352 patent is valid and further denies the remaining allegations of Paragraph 12.

13. XATA admits that the '800 patent is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and that a document purporting to be a copy of

the '800 patent was attached to the Original Complaint as Exhibit D. XATA specifically denies that the '800 patent is valid and further denies the remaining allegations of Paragraph 13.

14. XATA admits that the '993 patent is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and that a document purporting to be a copy of the '993 patent was attached to the Original Complaint as Exhibit E. XATA specifically denies that the '993 patent is valid and further denies the remaining allegations of Paragraph 14.

15. XATA admits the allegations of Paragraph 15.

16. XATA is without sufficient information to confirm or deny the vague allegations of Paragraph 16 and therefore denies them.

17. XATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the allegations in Paragraph 17.

18. Paragraph 18 contains allegations directed toward defendants other than XATA, to which no response is required. To the extent a response is required to such allegations, XATA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. XATA denies the allegations directed toward it in Paragraph 18.

19. Paragraph 19 contains allegations directed toward one or more defendants other than XATA, to which no response is required. To the extent a response is required to such allegations, XATA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

20. Paragraph 20 contains allegations directed toward one or more defendants other than XATA, to which no response is required. To the extent a response is required to such

allegations, XATA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

21. XATA denies the allegations of Paragraph 21.

22. Paragraph 22 contains allegations directed toward one or more defendants other than XATA, to which no response is required. To the extent a response is required to such allegations, XATA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

23. Paragraph 23 contains allegations directed toward one or more defendants other than XATA, to which no response is required. To the extent a response is required to such allegations, XATA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

24. Paragraph 24 contains allegations directed toward one or more defendants other than XATA, to which no response is required. To the extent a response is required to such allegations, XATA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

25. XATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the allegations in Paragraph 25.

26. Paragraph 26 contains allegations directed toward one or more defendants other than XATA, to which no response is required. To the extent a response is required to such allegations, XATA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. XATA denies the allegations of Paragraph 26 as they apply to XATA.

27. XATA admits that IGS has requested a jury trial in this action.

28.     XATA denies that IGS is entitled to the relief it seeks or any relief at all for allegations made in the Original Complaint.

## II. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

29. The relief sought by IGS is barred because XATA does not infringe, and has never infringed, the Patents-in-Suit in any way, whether directly, indirectly, contributorily, by inducement, under the Doctrine of Equivalents or in any other manner under the law.

### SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

30. The claims in the Patents-in-Suit are invalid for failure to satisfy one or more of the conditions for patentability, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
### (LACHES)

31. The relief sought by IGS is barred by the Doctrine of Laches.

### FOURTH AFFIRMATIVE DEFENSE
### (LICENSE)

32. The relief sought by IGS is barred because XATA has a license, implied or otherwise, to practice one or more claims of the Patents-in-Suit.

### FIFTH AFFIRMATIVE DEFENSE
### (EQUITABLE ESTOPPEL)

33. The relief sought by IGS is barred by the Doctrine of Equitable Estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (WAIVER)

34. The relief sought by IGS is barred by the Doctrine of Waiver.

### SEVENTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

35. The relief sought by IGS is barred by the Doctrine of Prosecution History Estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
### (DEDICATION OF EQUIVALENTS)

36. The relief sought by IGS is barred because all embodiments not literally claimed in the Patents-in-Suit were dedicated to the public.

### NINTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

37. The Original Complaint fails to state a claim upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

38. The relief sought by IGS is barred because of IGS's unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE
### (PRIOR NOTICE)

39. The relief sought by IGS for damages prior to actual notice received by XATA is barred by, for example, 35 U.S.C. § 287.

### RESERVATION OF RIGHTS

40. XATA reserves the right to assert other defenses, affirmative or otherwise, as may come to light or arise as the case progresses.

### III.   COUNTERCLAIMS

XATA Corporation ("XATA") hereby asserts the following Counterclaims against Innovative Global Systems LLC ("IGS") pursuant to 28 U.S.C. §§ 2201 and 2202:

### THE PARTIES

1. XATA is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Eden Prairie, Minnesota.

2. Upon information and belief, IGS is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. This Court has personal jurisdiction over IGS because IGS filed the Original Complaint in this Court, among other reasons.

5. Venue is proper, though not most proper, in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

### BASIS FOR COUNTERCLAIMS

6. By virtue of the allegations in IGS's Original Complaint and XATA's Answer, an actual controversy exists between IGS and XATA as to whether U.S. Patent Nos. 6,411,203, 6,608,554, 6,744,352, 7,015,800, and 7,449,993 ("the Patents-in-Suit") are valid, enforceable, and infringed.

## FIRST COUNTERCLAIM
### (DECLARATION OF NON-INFRINGEMENT)

7. XATA hereby incorporates the allegations of Paragraphs 1-6 of its Counterclaims as if fully set forth herein.

8. IGS claims to own the Patents-in-Suit and to possess the exclusive right to enforce the Patents-in-Suit and collect damages for all relevant times.

9. IGS alleges that XATA infringes and/or has infringed the Patents-in-Suit.

10. XATA's products and services do not infringe, and have never infringed, the Patents-in-Suit.

11. IGS is not entitled to the relief it seeks or to any relief at all for allegations made in the Original Complaint.

12. XATA is entitled to a declaration of non-infringement of the Patents-in-Suit.

## SECOND COUNTERCLAIM
### (DECLARATION OF INVALIDITY AND/OR UNENFORCEABILITY )

13. XATA hereby incorporates the allegations of Paragraphs 1-12 of its Counterclaims as if fully set forth herein.

14. IGS claims that the Patents-in-Suit are valid and enforceable.

15. Each and every claim in the Patents-in-Suit is invalid and/or unenforceable for failure to satisfy one or more of the conditions for patentability, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 and/or the doctrines of laches and/or estoppel.

16. XATA is entitled to a declaration of invalidity and/or unenforceability of the Patents-in-Suit.

## JURY DEMAND

17.     XATA respectfully demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

18. WHEREFORE, XATA prays for judgment and relief with respect to IGS's Original Complaint and XATA's Affirmative Defenses and Counterclaims as follows:

A. This Court dismiss each claim in IGS's Original Complaint with prejudice;

B. This Court enter judgment against IGS and in favor of XATA on each claim in IGS's Original Complaint;

C. This Court enter judgment in favor of XATA and against IGS on each Affirmative Defense in XATA's Answer;

D. This Court declare that XATA does not infringe, and has never infringed, the Patents-in-Suit;

E. This Court declare that the Patents-in-Suit are invalid and unenforceable;

F. This Court enter judgment in favor of XATA and against IGS on each of XATA's Counterclaims;

G. This Court deem this case exceptional and award XATA its costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285 or other applicable law;

H. This Court award XATA the maximum allowable pre- and post-judgment interest on any damages or monetary compensation awarded to XATA; and

I. This Court grant or award any other legal or equitable remedy to which XATA is or may be entitled.

## DESIGNATION OF LEAD ATTORNEY

Pursuant to Local Rule CV-11, XATA designates lead attorney as follows:

Thomas B. Walsh, IV (TX # 00785173)
FISH & RICHARDSON P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Dated: July 27, 2009                          FISH & RICHARDSON P.C.

                                                 By: /s/ Thomas. B. Walsh, IV
                                                      Thomas B. Walsh, IV (TX # 00785173)
                                                      R. Ritch Roberts, III (TX # 24041794)
                                                      FISH & RICHARDSON P.C.
                                                      1717 Main Street
                                                      Suite 5000
                                                      Dallas, TX 75201
                                                      Tel: (214) 747-5070
                                                      Fax: (214) 747-2091

                                                      Michael E. Florey (MN # 0214322)
                                                      (pro hac vice pending)
                                                      David A. Gerasimow (MN # 0389309)
                                                      (pro hac vice pending)
                                                      FISH & RICHARDSON P.C.
                                                      3200 RBC Plaza
                                                      60 South Sixth Street
                                                      Minneapolis, MN 55402
                                                      Tel: (612) 335-5070
                                                      Fax: (612) 288-9696

                                            Attorneys for
                                            Defendant and Counterclaim Plaintiff
                                            XATA CORPORATION

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                      /s/ Thomas. B. Walsh, IV
                                                      Thomas B. Walsh, IV

60584332.doc