IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |  |
|---|---|---|
| INNOVATIVE GLOBAL SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:09-cv-00157-LED |
| TURNPIKE GLOBAL TECHNOLOGIES L.L.C., CADEC GLOBAL, INC., XATA CORPORATION, GENERAL ELECTRIC CO., TRIMBLE NAVIGATION LTD. and NETWORKFLEET, INC. | § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**GE ASSET INTELLIGENCE, LLC'S ANSWER AND COUNTERCLAIMS
TO INNOVATIVE GLOBAL SYSTEMS, LLC'S ORIGINAL COMPLAINT**

Except as specifically indicated herein, GE ASSET INTELLIGENCE, LLC ("GEAI")

denies knowledge and information sufficient to form a belief as to the truth of each and every

allegation made about any individual, corporation, or entity other than GEAI. With respect to the

numbered paragraphs of the Complaint, GEAI answers the Complaint for Patent Infringement of

Plaintiff INNOVATIVE GLOBAL SYSTEMS, LLC ("Plaintiff IGS"), by and through its

attorneys, as follows:

## I.  PARTIES

1.      GEAI is without sufficient knowledge to either admit or deny the allegations of

Paragraph 1 of the Complaint, and on that basis denies them.

2.      GEAI is without sufficient knowledge to either admit or deny the allegations of

Paragraph 2 of the Complaint, and on that basis denies them.

3.      GEAI is without sufficient knowledge to either admit or deny the allegations of Paragraph 3 of the Complaint, and on that basis denies them.

4.      GEAI is without sufficient knowledge to either admit or deny the allegations of Paragraph 4 of the Complaint, and on that basis denies them.

5.      The parties have agreed to substitute GEAI for GENERAL ELECTRIC COMPANY in this action.  GEAI is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Plano, TX.  GEAI is a single member LLC, where General Electric Capital Corporation ("GECC") is the sole member, and GECC, in turn, is a wholly-owned subsidiary of General Electric Capital Services, Inc. ("GECS"), and GECS, in turn, is a wholly-owned subsidiary of General Electric Company ("GE").

6.      GEAI is without sufficient knowledge to either admit or deny the allegations of Paragraph 6 of the Complaint, and on that basis denies them.

7.      GEAI is without sufficient knowledge to either admit or deny the allegations of Paragraph 7 of the Complaint, and on that basis denies them.

## II.  JURISDICTION AND VENUE

8.      The allegations in Paragraph 8 of the Complaint are legal conclusions as to which no responses are required.  To the extent that further pleading is required, GEAI admits that this action arises under the patent laws of the United States.  GEAI further admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).  GEAI denies the jurisdiction allegations in Paragraph 8 of the Complaint to the extent that the allegations presuppose that patent infringement has occurred.

9.      To the extent that the allegations in Paragraph 9 of the Complaint are legal conclusions, no responses are required.  To the extent that further pleading is required, GEAI admits that personal jurisdiction exists and venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b), as to GEAI.  GEAI denies the venue and personal jurisdiction allegations in Paragraph 9 of the Complaint to the extent that the allegations presuppose that patent infringement has occurred, on the part of GEAI.  To the extent that the allegations of Paragraph 9 of the Complaint purport to relate to parties other than GEAI, GEAI is without knowledge or information sufficient to form a belief as to the truth of such allegations.

### III.  PATENTS IN SUIT

10.     GEAI admits that U.S. Patent No. 6,608,554 ("the '554 Patent") is entitled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal," that it issued on August 19, 2003, and that a copy of the '554 Patent is attached to the Complaint, as Exhibit A.  GEAI denies that the '554 Patent was "duly and legally" issued.  GEAI denies any implication that the '554 Patent is valid or enforceable.  GEAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint and therefore denies those allegations.

11.     GEAI admits that U.S. Patent No. 6,411,203 ("the '203 Patent") is entitled "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal," that it issued on June 25, 2002, and that a copy of the '203 Patent is attached to the Complaint, as Exhibit B.  GEAI denies that the '203 Patent was "duly and legally" issued.  GEAI denies any implication that the '203 Patent is valid or enforceable.  GEAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint and therefore denies those allegations.

12.     GEAI admits that U.S. Patent No. 6,744,352 ("the '352 Patent") is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network," that it issued on June 1, 2004, and that a copy of the '352 Patent is attached to the Complaint, as Exhibit C. GEAI denies that the '352 Patent was "duly and legally" issued.  GEAI denies any implication that the '352 Patent is valid or enforceable.  GEAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint and therefore denies those allegations.

13.     GEAI admits that U.S. Patent No. 7,015,800 ("the '800 Patent") is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network," that it issued on March 21, 2006, and that a copy of the '800 Patent is attached to the Complaint, as Exhibit D. GEAI denies that the '800 Patent was "duly and legally" issued.  GEAI denies any implication that the '800 Patent is valid or enforceable.  GEAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint and therefore denies those allegations.

14.     GEAI admits that U.S. Patent No. 7,449,993 ("the '993 Patent") is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network," that it issued on November 11, 2008, and that a copy of the '993 Patent is attached to the Complaint, as Exhibit

E.  GEAI denies that the '993 Patent was "duly and legally" issued.  GEAI denies any implication that the '993 Patent is valid or enforceable.  GEAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 of the Complaint and therefore denies those allegations.

15.    GEAI admits that, as noted in Paragraph 15 of the Complaint, the '554 Patent, the '203 Patent, the '352 Patent, the '800 Patent, and the '993 Patent are referred to collectively as the "Patents-in-Suit" in Plaintiff IGS's Complaint.  GEAI will refer to '554 Patent, the '203 Patent, the '352 Patent, the '800 Patent, and the '993 Patent, collectively, as the "Patents-in-Suit" in this Answer to Plaintiff IGS's Complaint.

16.    GEAI admits that, as it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to products used by and sold to vehicle fleets that permit data communication associated with a vehicle to be transmitted between the vehicle and a remote data communication terminal so that various operating characteristics of the vehicle can be used, observed and/or monitored.  GEAI denies the remaining allegations in Paragraph 16.

## IV.  PATENT INFRINGEMENT

GEAI incorporates by reference herein the responses contained in Paragraphs 1 through 16 above.

17.    On information and belief, GEAI admits that records of the United States Patent and Trademark Office ("the PTO") indicate that the Patents-in-Suit are currently assigned to Plaintiff IGS.  Except as expressly admitted herein, GEAI denies the remaining allegations of Paragraph 17 of the Complaint.

18.    To the extent that the allegations of Paragraph 18 of the Complaint relate to parties other than GEAI, GEAI is without knowledge or information sufficient to form a belief as

to the truth of such allegations and therefore denies those allegations. GEAI denies the allegations in Paragraph 18 of the Complaint insofar as they relate to GEAI.

19.     The allegations of Paragraph 19 of the Complaint relate to parties other than GEAI.  GEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies those allegations.

20.     The allegations of Paragraph 20 of the Complaint relate to parties other than GEAI.  GEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies those allegations.

21.     The allegations of Paragraph 21 of the Complaint relate to parties other than GEAI.  GEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies those allegations.

22.     GEAI admits that it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  GEAI denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.     The allegations of Paragraph 23 of the Complaint relate to parties other than GEAI.  GEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies those allegations.

24.     The allegations of Paragraph 24 of the Complaint relate to parties other than GEAI.  GEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies those allegations.

25.     To the extent that the allegations of Paragraph 25 of the Complaint relate to parties other than GEAI, GEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies those allegations.  Also, in Paragraph 25 of the Complaint, Plaintiff IGS refers to "VES" as being a predecessor in interest of the Patents-in-Suit, where VES allegedly marked its products in compliance with 35 U.S.C. § 287.  Plaintiff IGS has not defined the party "VES," so GEAI is without knowledge or information sufficient to form a belief as to the truth of this particular allegation, and on that basis denies this allegation. GEAI denies the remainder of the allegations of Paragraph 25 of the Complaint, insofar as they relate to GEAI.

26.     Paragraph 26 of the Complaint includes legal conclusions as to which no responses are required.  To the extent that the remaining allegations of Paragraph 26 of the Complaint relate to parties other than GEAI, GEAI is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them. GEAI denies all those remaining allegations of Paragraph 26 of the Complaint, insofar as they relate to GEAI.

## V.  JURY DEMAND

27.     The allegations in the Jury Demand section of the Complaint are legal conclusions as to which no responses are required.  To the extent that further pleading is required, GEAI admits Rule 38 of the Federal Rules of Civil Procedure governs demands for jury trials.  GEAI admits that Plaintiff IGS demands a trial by jury.  To the extent that the allegations of Paragraph 27 of the Complaint presuppose that parties other than GEAI have infringed Plaintiff IGS's patents, GEAI is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.  GEAI denies the allegations in the Jury

Demand section of the Complaint to the extent that they presuppose that patent infringement has occurred, on the part of GEAI.

## VI.   PRAYER FOR RELIEF

28.     To the extent that the relief requested in the Prayer for Relief section of the Complaint is demanded from parties other than GEAI, GEAI is without knowledge or information sufficient to form a belief as to the truth of the bases for those demands, and on that basis denies those demands.  GEAI denies that Plaintiff IGS is entitled to the relief requested in the Prayer for Relief section of the Complaint, insofar as these requests relate to GEAI.

29.     GEAI denies each and every material allegation not controverted above and demands strict proof thereof.

### GEAI'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (No Infringement)

GEAI has not and does not infringe (either literally or by the doctrine of equivalents), induce infringement, or contribute to the infringement of any valid and enforceable claim of any of the Patents-in-Suit.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity Under 35 U.S.C. §102)

One or more of the claims of each of the Patents-in-Suit are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §102.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity Under 35 U.S.C. §103)

One or more of the claims of each of the Patents-in-Suit are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §103.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity Under 35 U.S.C. §112)

One or more of the claims of each of the Patents-in-Suit are invalid for failure to satisfy

the conditions of patentability set forth in 35 U.S.C. §112.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

To the extent that Plaintiff IGS, and alleged predecessors in interest to each of the

Patents-in-Suit, failed to properly mark any of their relevant products as required by 35 U.S.C.

§287, or otherwise give proper notice that GEAI's actions allegedly infringed the Patents-in-Suit,

GEAI is not liable to Plaintiff IGS for the acts alleged to have been performed before GEAI

received actual notice that GEAI was allegedly infringing the Patents-in-Suit.

## SIXTH AFFIRMATIVE DEFENSE
### (Unenforceability Due to Inequitable Conduct)

On information and belief, the Patents-in-Suit are unenforceable due to the inequitable

conduct of the applicant during prosecution.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff IGS is estopped, by way of prosecution history estoppel or otherwise, from

asserting that GEAI infringes the Patents-in-Suit.

## EIGHTH AFFIRMATIVE DEFENSE
### (Exhaustion)

Plaintiff IGS's rights to assert the Patents-in-Suit against GEAI have been exhausted.

## NINTH AFFIRMATIVE DEFENSE
### (License)

Plaintiff IGS may not assert the Patents-in-Suit against GEAI because GEAI has an

express or implied license to the Patents-in-Suit.

### TENTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

Plaintiff IGS is not entitled to injunctive relief because any purported injury to Plaintiff

IGS may be addressed by an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff IGS's Complaint fails to state a claim against GEAI upon which relief may be

granted.

### TWELFTH AFFIRMATIVE DEFENSE
### (Laches)

The relief sought by Plaintiff IGS is barred in whole or in part under the doctrine of

laches.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

The relief sought by Plaintiff IGS is barred in whole or in part under the doctrine of

waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Additional Defenses to be Ascertained)

Any defenses set forth in 35 U.S.C. § 282 that are presently unknown to GEAI but which

— when ascertained — GEAI prays leave to assert.

### DEFENDANT'S COUNTERCLAIMS

Defendant and Counterclaimants General Electric Company ("GEAI"), by and through

its attorneys, asserts the following counterclaims against Innovative Global Systems, LLC

("Plaintiff IGS"):

## PARTIES

1.      GEAI is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Plano, TX.  GEAI is a single member LLC, where General Electric Capital Corporation ("GECC") is the sole member, and GECC, in turn, is a wholly-owned subsidiary of General Electric Capital Services, Inc. ("GECS"), and GECS, in turn, is a wholly-owned subsidiary of General Electric Company ("GE")..

2.      Upon information and belief, and as averred in its Complaint, Plaintiff IGS a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

## NATURE OF THE COUNTERCLAIMS

3.      These are counterclaims for declaratory judgment that GEAI does not infringe, directly or indirectly, U.S. Patent No. 6,608,554 ("the '554 Patent"), U.S. Patent No. 6,411,203 ("the '203 Patent"), U.S. Patent No. 6,744,352 ("the '352 Patent"), U.S. Patent No. 7,015,800 ("the '800 Patent"), U.S. Patent No. 7,449,993 ("the '993 Patent"), (collectively, "the Patents-in-Suit"), and that the Patents-in-Suit are invalid.  Additionally, these are counterclaims for declaratory judgment that GEAI has an express or implied license to the Patents-in-Suit, and that IGS's rights to enforce the Patents-in-Suit against GEAI are exhausted.

4.      Plaintiff IGS alleges in its Complaint in this action that Plaintiff IGS is the owner of all right, title, and interest in the '554 Patent, and further alleges that GEAI infringes the '554 Patent.  GEAI denies that it infringes any claim of the '554 Patent, and alleges that the claims of the '554 Patent are invalid.  Furthermore, GEAI has an express or implied license to the '554

Patent, so Plaintiff IGS is barred from suing GEAI for infringement of the '554 Patent.  Also,

IGS's right to sue GEAI for infringing the '554 Patent is exhausted.

5.      Plaintiff IGS alleges in its Complaint in this action that Plaintiff IGS is the owner

of all right, title, and interest in the '203 Patent, and further alleges that GEAI infringes the '203

Patent.  GEAI denies that it infringes any claim of the '203 Patent, and alleges that the claims of

the '203 Patent are invalid.  Furthermore, GEAI has an express or implied license to the '203

Patent, so Plaintiff IGS is barred from suing GEAI for infringement of the '203 Patent.  Also,

IGS's right to sue GEAI for infringing the '203 Patent is exhausted.

6.      Plaintiff IGS alleges in its Complaint in this action that Plaintiff IGS is the owner

of all right, title, and interest in the '352 Patent, and further alleges that GEAI infringes the '352

Patent.  GEAI denies that it infringes any claim of the '352 Patent, and alleges that the claims of

the '352 Patent are invalid.  Furthermore, GEAI has an express or implied license to the '352

Patent, so Plaintiff IGS is barred from suing GEAI for infringement of the '352 Patent.  Also,

IGS's right to sue GEAI for infringing the '352 Patent is exhausted.

7.      Plaintiff IGS alleges in its Complaint in this action that Plaintiff IGS is the owner

of all right, title, and interest in the '800 Patent, and further alleges that GEAI infringes the '800

Patent.  GEAI denies that it infringes any claim of the '800 Patent, and alleges that the claims of

the '800 Patent are invalid.  Furthermore, GEAI has an express or implied license to the '800

Patent, so Plaintiff IGS is barred from suing GEAI for infringement of the '800 Patent.  Also,

IGS's right to sue GEAI for infringing the '800 Patent is exhausted.

8.      Plaintiff IGS alleges in its Complaint in this action that Plaintiff IGS is the owner

of all right, title, and interest in the '993 Patent, and further alleges that GEAI infringes the '993

Patent.  GEAI denies that it infringes any claim of the '993 Patent, and alleges that the claims of

the '993 Patent are invalid.  Furthermore, GEAI has an express or implied license to the '993

Patent, so Plaintiff IGS is barred from suing GEAI for infringement of the '993 Patent.  Also,

IGS's right to sue GEAI for infringing the '993 Patent is exhausted.

## JURISDICTION

9.      These counterclaims arise under the patent laws of the United States, Title 35,

United States Code.  The jurisdiction of this Court over this controversy is proper under at least

28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

10.      This Court has personal jurisdiction over Plaintiff IGS because, among other

things, IGS has submitted to the jurisdiction of this Court by the filing of its Complaint in this

action.

11.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).  Venue is further proper in

the Tyler Division.

## GEAI'S FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement as to the '554 Patent)

12.      GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11,

above, as if set forth in full herein.

13.      GEAI has not infringed and does not infringe, directly or indirectly, any claim of

the '554 Patent.

14.      Plaintiff IGS's allegations against GEAI have created an actual and justiciable

controversy with GEAI, and GEAI is entitled to a declaration of non-infringement to resolve this

controversy.

**GEAI'S SECOND COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement as to the '203 Patent)**

15.      GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

16.      GEAI has not infringed and does not infringe, directly or indirectly, any claim of the '203 Patent.

17.      Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of non-infringement to resolve this controversy.

**GEAI'S THIRD COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement as to the '352 Patent)**

18.      GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

19.      GEAI has not infringed and does not infringe, directly or indirectly, any claim of the '352 Patent.

20.      Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of non-infringement to resolve this controversy.

**GEAI'S FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement as to the '800 Patent)**

21.      GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

22.      GEAI has not infringed and does not infringe, directly or indirectly, any claim of the '800 Patent.

23.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of non-infringement to resolve this controversy.

## GEAI'S FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement as to the '993 Patent)

24.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

25.     GEAI has not infringed and does not infringe, directly or indirectly, any claim of the '993 Patent.

26.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of non-infringement to resolve this controversy.

## GEAI'S SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity as to the '554 Patent)

27.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

28.     One or more claims of the '554 Patent are invalid for failure to meet one or more of the conditions of Patentability set forth in 35 U.S.C. §§ 101 *et seq.*

29.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of invalidity to resolve this controversy.

## GEAI'S SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity as to the '203 Patent)

30.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

31.     One or more claims of the '203 Patent are invalid for failure to meet one or more of the conditions of Patentability set forth in 35 U.S.C. §§ 101 *et seq.*

32.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of invalidity to resolve this controversy.

### GEAI'S EIGHTH COUNTERCLAIM
#### (Declaratory Judgment of Invalidity as to the '352 Patent)

33.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

34.     One or more claims of the '352 Patent are invalid for failure to meet one or more of the conditions of Patentability set forth in 35 U.S.C. §§ 101 *et seq.*

35.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of invalidity to resolve this controversy.

### GEAI'S NINTH COUNTERCLAIM
#### (Declaratory Judgment of Invalidity as to the '800 Patent)

36.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

37.     One or more claims of the '800 Patent are invalid for failure to meet one or more of the conditions of Patentability set forth in 35 U.S.C. §§ 101 *et seq.*

38.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of invalidity to resolve this controversy.

## GEAI'S TENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity as to the '993 Patent)

39.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

40.     One or more claims of the '993 Patent are invalid for failure to meet one or more of the conditions of Patentability set forth in 35 U.S.C. §§ 101 *et seq.*

41.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of invalidity to resolve this controversy.

## GEAI'S ELEVENTH COUNTERCLAIM
### (Declaratory Judgment of Express or Implied License to the '554 Patent)

42.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

43.     GEAI has an express or implied license to the '554 Patent.

44.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of the existence of an implied license to resolve this controversy.

## GEAI'S TWELFTH COUNTERCLAIM
### (Declaratory Judgment of Express or Implied License to the '203 Patent)

45.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

46.     GEAI has an implied license to the '203 Patent.

47.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of the existence of an express or implied license to resolve this controversy.

### GEAI'S THIRTEENTH COUNTERCLAIM
**(Declaratory Judgment of Express or Implied License to the '352 Patent)**

48.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

49.     GEAI has an express or implied license to the '352 Patent.

50.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of the existence of an implied license to resolve this controversy.

### GEAI'S FOURTEENTH COUNTERCLAIM
**(Declaratory Judgment of Express or Implied License to the '800 Patent)**

51.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

52.     GEAI has an express or implied license to the '800 Patent.

53.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of the existence of an implied license to resolve this controversy.

### GEAI'S FIFTEENTH COUNTERCLAIM
**(Declaratory Judgment of Express or Implied License to the '993 Patent)**

54.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

55.     GEAI has an express or implied license to the '993 Patent.

56.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of the existence of an implied license to resolve this controversy.

**GEAI'S SIXTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Exhaustion as to the '554 Patent)**

57.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

58.     Plaintiff IGS's right to enforce the '554 Patent against GEAI is exhausted.

59.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of exhaustion to resolve this controversy.

**GEAI'S SEVENTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Exhaustion as to the '203 Patent)**

60.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

61.     Plaintiff IGS's right to enforce the '203 Patent against GEAI is exhausted.

62.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of exhaustion to resolve this controversy.

**GEAI'S EIGHTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Exhaustion as to the '352 Patent)**

63.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

64.     Plaintiff IGS's right to enforce the '352 Patent against GEAI is exhausted.

65.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of exhaustion to resolve this controversy.

## GEAI'S NINETEENTH COUNTERCLAIM
### (Declaratory Judgment of Exhaustion as to the '800 Patent)

66.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

67.     Plaintiff IGS's right to enforce the '800 Patent against GEAI is exhausted.

68.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of exhaustion to resolve this controversy.

## GEAI'S TWENTIETH COUNTERCLAIM
### (Declaratory Judgment of Exhaustion as to the '993 Patent)

69.     GEAI repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

70.     Plaintiff IGS's right to enforce the '993 Patent against GEAI is exhausted.

71.     Plaintiff IGS's allegations against GEAI have created an actual and justiciable controversy with GEAI, and GEAI is entitled to a declaration of exhaustion to resolve this controversy.

## **PRAYER FOR RELIEF**

WHEREFORE, GEAI denies that Plaintiff IGS is entitled to any of the relief prayed for in its Complaint and pray that the Court:

1.     Dismiss Plaintiff IGS's Complaint with prejudice;

2.     Deny all relief requested by Plaintiff IGS;

3.     Enter judgment in favor of GEAI and against Plaintiff IGS on all counts in Plaintiff IGS's Complaint;

4.      Enter judgment in favor of GEAI and against Plaintiff IGS on all counts in

GEAI's counterclaims;

5.      Declare that GEAI does not and has not infringed, directly or indirectly, the

Patents-in-Suit;

6.      Declare that the Patents-in-Suit are invalid;

7.      Declare that the Patents-in-Suit are unenforceable;

8.      Award GEAI its attorneys' fees and costs;

9.      Permanently enjoin Plaintiff IGS, its successors, assigns, and anyone acting in

concert therewith or on his behalf, from attempting to enforce the Patents-in-Suit against GEAI

or any parents, affiliates, subsidiaries thereof, or GEAI's respective officers, agents, employees,

successors, assigns, or customers;

10.     Declare this case exceptional, for GEAI, under 35 U.S.C. § 285, if warranted; and

11.     Grant such other further relief to GEAI as it may deem just and proper.


**JURY TRIAL DEMANDED AS TO ALL ISSUES SO TRIABLE.**


Dated:  August 4, 2009                          Respectfully submitted,

                                                /s/ Gregory S. Bishop
                                                Byron Cooper
                                                CA State Bar No. 166578
                                                Gregory S. Bishop
                                                CA State Bar No. 184680
                                                D. Stuart Bartow
                                                CA State Bar No. 233107
                                                Email: bcooper@goodwinprocter.com
                                                Email: gbishop@goodwinprocter.com
                                                Email: sbartow@goodwinprocter.com
                                                GOODWIN PROCTER LLP
                                                135 Commonwealth Drive

Menlo Park, CA 94025
Tel.: 650.752.3100
Fax: 650.853.1038

T. John Ward, Jr.
State Bar No. 00794818
Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: jw@jwfirm.com

ATTORNEYS FOR DEFENDANT
GE ASSET INTELLIGENCE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 4th day of August, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/  Gregory S. Bishop
Gregory S. Bishop