# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, § § | |
| Plaintiff, § § | |
| v. § | NO. 6:09-cv-157 |
| § | |
| TURNPIKE GLOBAL TECHNOLOGIES § L.L.C., et al. § § | |
| Defendants. § | |

## ORDER

Before the Court is Defendant NetworkFleet, Inc.'s ("NetworkFleet") Motion to Sever and Transfer Venue (Doc. No. 31). Plaintiff Innovative Global Systems LLC ("Global") responded (Doc. No. 35) and NetworkFleet replied (Doc. No. 38). The Court granted Global's Motion for Leave to File Supplemental Evidence (Doc. No. 69) and deemed its sur-reply to be filed (Doc. No. 57). Having considered the parties' submissions, the Court **DENIES** NetworkFleet's motions.

## BACKGROUND

Global alleges NetworkFleet infringes U.S. Patent Nos. 6,608,554, 6,411,203, 6,744,352, 7,015,800, 7,449,993 ("the patents-in-suit"). There are four other defendants in this case. They have not joined NetworkFleet's motion. NetworkFleet's present motion requests the Court sever the claim against it and transfer that claim to the Southern District of California.

## DISCUSSION

NetworkFleet argues it has been improperly joined under Rule 20 and therefore the Court should exercise its discretion to sever the claim against it under Rule 21. Global argues that joinder was proper due to commonality of factual and legal issues and that judicial economy counsels against severing the claim against NetworkFleet. Global further argues that transfer is inappropriate

because the Southern District of California is not a clearly more convenient venue.

A plaintiff may join multiple defendants in a single action if "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). The Court may sever parties or claims when they have been improperly joined. FED. R. CIV. P. 21. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). "The district court has broad discretion in determining the propriety of joining or continuing a particular party as a defendant." *Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir. 1977).

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money. . . ." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). Although multi-defendant patent infringement cases "may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). "[T]he existence of multiple suits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." District courts have declined to sever patent infringement claims due to concerns about judicial economy. *See Adrain v. Genetec, Inc.*, No. 2:08-cv-423, 2009 U.S. Dist. LEXIS 86855, at *8-10 (E.D. Tex. Sept. 22, 2009); *Centre One v. Vonage Holdings Corp.*, No. 6:08-cv-467, 2009 U.S. Dist. LEXIS 69683, at *22-24 (E.D. Tex. Aug. 10, 2009); *Sprint Commc'n Co.*

*v. TheGlobe.com, Inc.*, 233 F.R.D. 615, 616-18 (D. Kan. 2006).

In its complaint, Global asserts the same allegation against each of the defendants. The defendants, including NetworkFleet, have raised several similar affirmative defenses. Thus, there will be significant overlap among the issues of claim validity, claim construction, and claim scope. Severance and transfer would create duplicative proceedings on the same patents, unnecessarily wasting judicial resources. For reasons of judicial economy, the Court denies NetworkFleet's motion. The Court recognizes that the judicial economy promoted by denial of this motion may be achieved at a point later in litigation, and therefore denies the motion without prejudice. *See Abstrax, Inc. v. Sun Microsystems, Inc.*, No. 2:07-cv-333 (E.D. Tex. Aug. 28, 2009) (transferring one of two cases with common issues where claim construction was complete and fact discovery was nearly complete).

## CONCLUSION

For the reasons stated, the Court **DENIES** NetworkFleet's motion to sever and transfer without prejudice to re-urging.

**So ORDERED and SIGNED this 20th day of October, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE